**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0528n.06

No. 17-3169

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 23, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOSE GUADALUPE NIETO-CHAVEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON B. SESSIONS, III, Attorney General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

COOK, Circuit Judge. Jose Guadalupe Nieto-Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) decision upholding an Immigration Judge's denial of his application for adjustment of status under 8 U.S.C. § 1255(i) and cancellation of removal under 8 U.S.C. § 1229b(b). Because the BIA correctly found Nieto-Chavez to be inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I), we DENY his petition for review with respect to the BIA's denial of his application for adjustment of status. In light of the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), however, we GRANT Nieto-Chavez's petition with respect to the BIA's determination of his ineligibility for cancellation of removal.

**I.**

Nieto-Chavez first entered the United States in 1996 on a nonimmigrant work visa. After the visa expired, he remained in the country illegally and married a United States citizen.

In April 2000, local police arrested Nieto-Chavez for domestic violence. As a result of that arrest, immigration officers served him at the jail with a notice to appear that proved defective in two ways: it did not include a hearing date or time and it listed the wrong apartment number. A later-mailed notice of the hearing date and time went to the wrong address and Nieto-Chavez never received it. At the missed hearing, the Immigration Judge ordered Nieto-Chavez removed in absentia.

Police later arrested Nieto-Chavez for driving under the influence. This time, immigration officers took Nieto-Chavez into custody and immediately deported him. Shortly afterwards, Nieto-Chavez illegally reentered the country and has remained in the United States ever since.

Nieto-Chavez once again came to the attention of the authorities when he pursued permanent residency. He divorced his first wife in July 2011 and remarried that September. His second wife, another United States citizen, filed an I-130 Visa Petition on his behalf. After the Department of Homeland Security approved it, Nieto-Chavez consulted an immigration attorney about changing his immigration status to that of permanent resident. Only then did Nieto-Chavez discover the 2001 in absentia removal order.

With this knowledge of his immigration status, Nieto-Chavez moved to reopen his removal proceedings and rescind the order issued in absentia. Though the Immigration Judge denied the motion, the BIA on appeal determined that the absence of proper notice required that the order be vacated and remanded to allow Nieto-Chavez "another opportunity to appear at a hearing and pursue any available relief from removal."

On remand, Nieto-Chavez applied for adjustment of status and petitioned the Immigration Judge to cancel his removal. The Immigration Judge denied both requests, and the BIA affirmed. Nieto-Chavez timely petitioned for our review.

## II.

"[W]e review the BIA's decision as the final agency determination. To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citation omitted). We review the agency's legal conclusions de novo, *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006), and its factual determinations for substantial evidence, *Khalili*, 557 F.3d at 435. Under the substantial evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)).

### A. Eligibility to Adjust Status

Two criteria disqualify an alien from adjustment of status to permanent resident under 8 U.S.C. § 1182(a)(9)(C)(i)(I): accruing more than one year of unlawful presence in the United States, and illegally reentering the country. Finding that Nieto-Chavez met both, the BIA declared him inadmissible—a label used in immigration law for an alien ineligible for adjustment of status.

Challenging the BIA's determination, Nieto-Chavez cites a string of cases under 8 U.S.C. § 1326, a criminal reentry statute punishing an alien for his illegal reentry only if he reentered after an Immigration Judge properly ordered him removed. § 1326(a)(1); *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). These cases, Nieto-Chavez argues, demonstrate that courts routinely refuse to penalize a wrongfully-deported alien's illegal reentry. Because the BIA ultimately voided the in absentia removal order precipitating his removal, Nieto-Chavez asks that

this court too disregard his illegal reentry. Essentially, Nieto-Chavez asks us to import a removal-order requirement into the inadmissibility subsection at work here.

But the inadmissibility subsection is clear: an alien becomes ineligible for adjustment of status if he "has been unlawfully present in the United States for an aggregate period of more than 1 year" and "enters or attempts to reenter the United States without being admitted." § 1182(a)(9)(C)(i)(I). Unlike the criminal reentry statute, *any* illegal reentry triggers the inadmissibility subsection disqualifying Nieto-Chavez from an adjustment of status. *See Ramirez-Canales v. Mukasey*, 517 F.3d 904, 909–10 (6th Cir. 2008). Nieto-Chavez lived in the United States unlawfully for over a year and admitted to illegally reentering the country shortly after his removal. Thus, as the BIA correctly determined, he plainly meets the statute's criteria denying adjustment of status.[1]

## B. Eligibility for Cancellation of Removal

In general, an alien unlawfully in the United States is deportable. 8 U.S.C. § 1227(a). The Attorney General can relieve an alien meeting certain statutory criteria from the threat of deportation through cancellation of removal. § 1229b(b). We now consider whether the BIA correctly applied those criteria here.

Only those deportable aliens who have "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application" are eligible for this relief. § 1229b(b). But when an alien "is served a notice to appear under section 1229(a)," this period of continuous physical presence "is 'deemed to end.'" *Pereira*, 138 S.

---

[1] In his reply brief, Nieto-Chavez asserts that if we find him inadmissible under § 1182(a)(9)(C)(i)(I), we should consider his entitlement to nunc pro tunc relief. Because "[a]n argument raised for the first time in a reply brief will not be considered by this Court," we do not address it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).

Ct. at 2109–10 (quoting § 1229b(d)(1)). Citing this "stop-time" rule, the BIA determined that the notice handed to Nieto-Chavez in jail ended his period of continued physical presence, rendering him ineligible for relief.

The BIA erred in applying the stop-time rule here. Recently, the Supreme Court decided *Pereira v. Sessions*, where it held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings" cannot "trigger the stop-time rule." *Pereira*, 138 S. Ct. at 2110.

Though the BIA issued its judgment without the benefit of this opinion, courts of appeal must take notice of any intervening changes in the law and "apply the law in effect at the time it renders its decision." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711 (1974). Given *Pereira*, we remand to allow consideration of whether Nieto-Chavez satisfies § 1229b(b)(1)(A)'s continuous-physical-presence requirement. If the court determines that he does, remand will permit it to consider whether Nieto-Chavez meets the remaining cancellation-of-removal criteria. *See* § 1229b(b)(1).

## III.

For these reasons, we DENY the petition for review with regard to the BIA's determination that Nieto-Chavez is ineligible for adjustment of status. We GRANT the petition with regard to the BIA's decision that Nieto-Chavez is ineligible for cancellation of removal, and VACATE and REMAND for further proceedings consistent with this opinion. This moots the pending motion requesting remand.